Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
abennecoff@creditlaw.com
Attorney for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
MAY - 7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICA DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC.<br><br>Defendant. | **Case No.:** EDCV13-844-JGB (DTBx)<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY - 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

MONICA DELGADO, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection

Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), the Telephone Consumer Protection Act ("TCPA"), and California state law.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiff's state law claims arises pursuant to 28 U.S.C. § 1367.

3. Defendant conducts business in the State of California, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Rialto, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect, upon information and belief, a consumer debt.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. Furthermore, Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

13. Beginning in February 2012, Defendant placed continuous and repetitive harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect on the subject debt.

14. Defendant's harassing collection calls originated from numbers including, but not limited to, (866) 310-3882. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant regularly called Plaintiff more than twice a day.

16. On occasion, Defendant called Plaintiff more than four times in a

single day.

17. Despite all of these calls, Defendant never disclosed the origin, the original creditor, or the nature of the alleged debt.

18. Defendant called Plaintiff and left a voice message threatening to sue if she did not pay the subject debt.

19. Without Plaintiff's consent, and on the same day, Defendant also called Plaintiff's boyfriend and cousin, and left the same message.

20. In addition, upon information and belief, Defendant's call log will reflect that calls were placed to Plaintiff's cellular phone via an automated message, recording, or artificial voice.

21. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

23. Over the period that Defendant was contacting Plaintiff, upon information and belief, Defendant called Plaintiff a number of times on her cellular phone using a pre-recorded or automated message.

24. Further, Defendant had been deceptive with Plaintiff, in that its collectors often called the Plaintiff without providing their names or a way for Plaintiff to recall their identity.

25. In addition, Defendant did not inform Plaintiff within five days of its initial contact with her how she could dispute the debt, how she could obtain verification of the debt, or that unless she disputed the debt within thirty days, the debt would be assumed to be valid, in violation of the FDCPA.

26. Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from her.

## COUNT I
## DEFENDANT VIOLATED THE § 1692c(b) OF FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692c(b) of the FDCPA states that a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, unless the debt collector has the prior consent of the consumer.

28. Defendant violated § 1692c(b) of the FDCPA when it revealed to Plaintiff's cousin and boyfriend that she owed a debt without the prior consent of the Plaintiff.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

30. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it placed automated messages to Plaintiff's cellular phone without her consent, when it contacted Plaintiff's cousin and boyfriend without her consent in connection with the subject debt, when it threatened to take legal action against Plaintiff, when its collectors failed to identify themselves during phone calls to Plaintiff, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(6) OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692d(6) of the FDCPA prohibits debt collectors from making the placement of telephone calls without meaningful disclosure of the caller's identity.

34. Defendant violated section 1692d(6) of the FDCPA when its representatives called Plaintiff in their attempts to collect the subject debt but failed to provide to the Plaintiff their names or identities.

## COUNT V
## DEFENDANT VIOLATED § 1692e OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

36. Defendant violated § 1692e of the FDCPA when it never provided Plaintiff with the original creditor of the alleged debt or the nature of the alleged debt, when its representatives called Plaintiff in their attempts to collect the subject debt but failed to provide to the Plaintiff their names or identities, when it threatened to take legal action against Plaintiff without the intention to do so, and when it made other false, deceptive or misleading representations.

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Section 1692e(5) of the FDCPA prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

38. Defendant violated section 1692e(5) of the FDCPA when it threatened Plaintiff with a lawsuit when Defendant lacked the intention to do so.

**COUNT VII**
**DEFENDANT VIOLATED § 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

39. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

40. Defendant violated § 1692e(10) of the FDCPA when it never provided Plaintiff with the original creditor of the alleged debt or the nature of the alleged debt, when its representatives called Plaintiff in their attempts to collect the subject debt but failed to provide to the Plaintiff their names or identities, when it threatened to take legal action against Plaintiff without the intention to do so, and when it made other false, deceptive or misleading representations.

**COUNT VIII**
**DEFENDANT VIOLATED § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT**

41. Section 1692f of the FDCPA prohibits debt collectors from using

unfair or unconscionable means to collect a debt.

42. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it placed automated messages to Plaintiff's cellular phone without her consent, when it contacted Plaintiff's cousin and boyfriend without her consent in connection with the subject debt, when it threatened to take legal action against Plaintiff, when its collectors failed to identify themselves during phone calls to Plaintiff, and when it engaged in other unfair conduct.

## COUNT IX
## DEFENDANT VIOLATED § 1692g(a) OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

44. Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff any written notice containing or describing how Plaintiff could obtain verification of the debt, how she could dispute the debt, or the original creditor of the subject debt.

## COUNT X
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

45. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

46. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

47. Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to her cellular phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

48. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

49. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

50. Upon information and belief, Defendant contacted Plaintiff on her cellular telephone several times.

51. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

52. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

## COUNT XI
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

53. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

54. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT XII
## DEFENDANT INTRUDED UPON PLAINTIFF'S SECLUSION

55. Plaintiff had a reasonable expectation of privacy.

56. Defendant intentionally intruded in Plaintiff's privacy by

communicating with her boyfriend and cousin concerning this debt and calling on repeated and frequent occasions.

57. Defendant's intrusion would be highly offensive to a reasonable person.

58. Plaintiff was harmed by Defendant's conduct.

59. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

60. Defendant intentionally caused harm to Plaintiff emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiffs rights to privacy.

61. Defendant acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

62. The actions taken by Defendant indicate a willingness to execute, maintain, and pursue improper business practices regardless of the age of a debt, and the actions of an alleged debtor.

63. In pursuing their egregious, and unlawful debt collection efforts against Plaintiffs the Defendant acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294 (c)(1),(2),(3).

## COUNT XIII
## DEFENDANT NEGLIGENTLY HIRED, TRAINED AND/OR SUPERVISED ITS COLLECTORS AND EMPLOYEES

64. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees and collectors.

65. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty to hire, train, and/or supervise its employees and collectors properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

66. The action and omissions of Defendant as described herein constitute grossly negligent, training, and/or supervision in that Defendant owed Plaintiff a duty to train, and/or supervise its employees and collectors properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.

67. The actions of Defendant were willful, malicious, and wanton.

68. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

69. Plaintiff suffered damages due to Defendant's actions in an amount to be determined by proof by the finder of fact at trial.

70. Plaintiff is entitled to punitive damages for the actions, and omissions

of the Defendant as described herein.

WHEREFORE, Plaintiff, MONICA DELGADO, respectfully prays for a judgment as follows:

a. Actual damages;
b. Statutory damages under the FDCPA, RFDCPA, and TCPA;
c. Punitive damages;
d. Reasonable attorney's fees and costs; and
e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MONICA DELGADO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 5/3/2013

KIMMEL & SILVERMAN, P.C..

By:______________________________

Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV13- 844 JGB (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [X] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

MONICA DELGADO
*Plaintiff*
v.
ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC.
*Defendant*

Civil Action No. EDCV13-844-JGB (DTBx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC.
335 Madison Avenue
27th Floor
New York, NY 10017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Amy L. Bennecoff, Esquire
KIMMEL & SILVERMAN
30 East Butler Pike
Ambler, PA 19002
(215)540-8888

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: MAY - 7 2013

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________________ ; or

❒ Other *(specify)*:

.

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MONICA DELGAO

**DEFENDANTS**
ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
AMY L. BENNECOFF, ESQ., KIMMEL & SILVERMAN, P.C.
30 East Butler Avenue, Ambler, PA 19002
(215)540-8888; abennecoff@creditlaw.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692k

**VII. NATURE OF SUIT (Place an X in one box only.)**

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: EDCV13-844

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** 05/03/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |